IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

```
-------------------------------------------------   :
                                                    :
SANDRA PANKIW,                                      :  CASE NO. 1:04 CV 2334
                                                    :
                              Plaintiff,            :
                                                    :  ORDER & OPINION GRANTING IN
              -vs-                                  :  PART PLAINTIFF'S MOTION FOR
                                                    :  RECONSIDERATION
FEDERAL INSURANCE COMPANY,                          :
                                                    :
                              Defendant.            :
                                                    :
-------------------------------------------------   :
```

UNITED STATES DISTRICT JUDGE LESLEY WELLS

On 10 July 2007, this Court granted defendant Federal Insurance Company's

("Federal Insurance") motion for judgment on the administrative record.  (Docket No. 58,

hereinafter "July 2007 Order").  Plaintiff Sandra Pankiw filed a motion for

reconsideration on 25 July 2007, requesting that this Court (1) grant her 30 days to

supplement the administrative record; and (2) reconsider and strike the Court's July

2007 Order.  (Docket No. 60).  Federal Insurance timely filed a brief in opposition.

(Docket No. 62).

The Court must first determine under which procedural rule to consider the

plaintiff's motion for reconsideration.  Ms Pankiw failed to assert whether she was

seeking reconsideration under Federal Rule of Civil Procedure 59(e) or Rule 60(b).

Although the Federal Rules of Civil Procedure do not expressly recognize a "motion for

reconsideration," federal courts generally treat such motions as a motion to alter or

amend judgment pursuant Rule 59(e) if the motion is filed within ten days of judgment

Dockets.Justia.com

entry, or, if the motion is filed beyond the ten days, as a motion for relief from judgment under Rule 60(b).  Cockrel v. Shelby County School Dist., 270 F.3d 1036, 1047 (6th Cir. 2001)(citing 12 James Wm. Moore et al., Moore's Federal Practice § 59.30[7] (3[d] ed.2000)); see also Moody v. Pepsi-Cola Metro. Bottling Co., 915 F.2d 201, 206 (6th Cir. 1990) ("Motions for reconsideration of a judgment are construed as motions to alter or amend the judgment and are time tolling for the purposes of [Appellate] Rule 4(a)(4).").  Since Ms Pankiw filed her motion for reconsideration within ten days of the judgment entry,[1] the Court construes her motion for reconsideration as a motion to alter or amend judgment pursuant to Rule 59(e).

Ms Pankiw commenced this ERISA action on 19 October 2004,[2] challenging Federal Insurance's denial of her claim for accidental death benefits after her fifteen year old son Alexander Pankiw was killed in a car collision.  (Docket No. 1).  Both parties motioned the Court for judgment on the administrative record pursuant to Wilkins v. Baptist Healthcare System, Inc., 150 F.3d 609 (6th Cir. 1998).  (Docket Nos. 49, 51).  On 11 May 2007, this Court found that Federal Insurance's denial of Ms Pankiw' claim for benefits amounted to a due process violation under 29 U.S.C. § 1133 on the basis that Federal Insurance failed to cite Mr. Pankiw's alleged intoxication as the basis for it's denial, yet relied almost entirely on this allegation in its motion for

---

[1]  The July 2007 Order denying the plaintiff judgment was docketed on 11 July 2007, and the plaintiff filed her motion for reconsideration on 25 July 2007.  Rule 59(e) imposes a ten day deadline after judgment entry to file a motion for alter or amend judgment.  Under Rule 6(a), this ten day deadline excludes Saturdays, Sundays, and legal holidays.  The tenth day after 11 July 2007, as computed by Rule 6(a), was 25 July 2007, thus Ms Pankiw's motion was timely filed.

[2]  The matter was removed to federal court on 23 November 2004.

2

judgment on the record.  (Docket No. 57, hereinafter "May 2007 Order").  To remedy

that violation, the Court afforded Ms Pankiw 30 days to supplement the administrative

record with evidence responding to Federal Insurance's allegation that her son was

intoxicated at the time of his death.  Id.  Thirty days passed, and Ms Pankiw did not

supplement the administrative record.  This Court then conducted a de novo review of

the record and, in its July 2007 Order, denied the plaintiff's claim for benefits because

Mr. Pankiw's death was not accidental within the meaning of the Accidental Death Plan.

(Docket No. 58).

On 25 July 2007, Ms Pankiw filed a motion for reconsideration asking that this

Court afford her 30 days to supplement the administrative record pursuant to the May

2007 Order, and that this Court reconsider and strike the July 2007 Order.  (Docket No.

60).  In support of her motion, Ms Pankiw's attorney John Henck submitted an affidavit

attesting that he never received a copy of the May 2007 Order, by electronic means or

otherwise.  (Docket No. 60, Ex. 1).  Mr. Henck further stated in his affidavit that his

office has policies and procedures in place to ensure that all notices and orders from

courts are recorded and docketed.  Id.  Mr. Henck's associate, attorney Richard Warren,

and their secretary, Kathy Smith, also submitted affidavits in support of Ms Pankiw's

motion, both attesting to the fact that they did not receive service of the May 2007

Order.  (Docket No. 60, Ex. 2,3).

This Court made its own inquiry into the matter.  The Clerk of Courts notified this

Court that in October 2006, for an unknown reason, the Court's electronic filing system

("ECF") ceased serving Mr. Henck electronically.  Mr. Henck did not request to be

removed from ECF service, and in fact continued to electronically file documents in this

matter.  As the Court was unaware that Mr. Henck was no longer receiving electronic notices, the Court did not mail a copy of the May 2007 Order to Mr. Henck's office.

In support of its opposition to the plaintiff's motion for reconsideration, Federal Insurance relies on Reinhart v. United States Department of Agriculture, 39 Fed. Appx. 954 (6th Cir. 2002), which concluded that parties have an affirmative duty to monitor case dockets to inform themselves of entry orders that they may want to appeal. Federal Insurance argues that whether Mr. Henck received notice of the May 2007 Order is irrelevant because Mr. Henck had notice that motions were pending in this matter and, therefore, had notice that an order from the Court was forthcoming. Although this Court agrees that parties have an affirmative duty to monitor case dockets, the Reinhart case is inapposite to the case before this Court.  In Reinhart the petitioner missed a statutory deadline to pursue an appeal after a government agency failed to notify him that his administrative petition had been denied.  Id. at **3-4.  The Sixth Circuit concluded that it lacked jurisdiction to resolve the case on the merits because the petitioner failed to file the notice of appeal within the statutory time frame, and the petitioner did not satisfy the statute's narrow "unique circumstances" exception. Id. at **5-6.  The distinction between Reinhart and the case before this Court is significant in that Ms Pankiw did not miss a statutory deadline to appeal, but instead missed a non-statutory deadline, imposed by this Court, to supplement the administrative record.  Thus, the issue now is not whether the Sixth Circuit has jurisdiction to hear an appeal, but whether this Court should extend its own deadline and grant Ms Pankiw additional time to supplement the administrative record, and whether it should reconsider and alter the July 2007 Order.

4

In the interest of justice, the plaintiff's motion for reconsideration is granted in part.  The Court opens this case for reconsideration and, in exercising discretion, grants Ms Pankiw 30 calendar days from the date of this order to supplement the administrative record  in regard to the defendant's allegation that Alexander Pankiw was intoxicated at the time of his death, and that such intoxication bars an award of benefits under the Accidental Death Welfare Benefit Plan offered by Ms Pankiw's employer and insured by Federal Insurance.  Although Mr. Henck bears responsibility for his failure to monitor the docket in this case and his failure to meet the deadline set forth in the May 2007 Order, the Court acknowledges that the error in it's own electronic filing system also contributed to this predicament.  Furthermore, the purpose of the May 2007 Order was to cure a due process violation committed by Federal Insurance against Ms Pankiw.  Under these circumstances, denying Ms. Pankiw's motion for additional time to supplement the record would only serve to augment the harm caused by the procedural violation.

Judgement is reserved on the merits of Ms Pankiw's motion to reconsider and strike the July 2007 Order until after the expiration of this 30-day time period.

IT IS SO ORDERED.

   /s/ Lesley Wells_____
UNITED STATES DISTRICT JUDGE

Date:  14 August 2007

5